**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CS–360, LLC, <br>     Plaintiff <br>     v. <br> U.S. DEPARTMENT OF VETERANS AFFAIRS, <br>     Defendant | Civil Action No. 11-78 (CKK) |

**MEMORANDUM OPINION**
(April 29, 2015)

In this action, Plaintiff CS360, LLC, challenges a final decision of the U.S. Department of Veteran Affairs denying its application for verification as a Service Disabled Veteran Owned Small Business. More than three years ago, when the Court first considered the merits of this case, the Court concluded that it was "preclude[d] from effectively exercising its review function" because of defects in the VA's written decision. *CS-360, LLC v. U.S. Department of Veterans Affairs*, 846 F. Supp. 2d 171, 192 (D.D.C. 2012). Therefore, the Court remanded this action to the VA for further consideration and explanation of its decision to deny Plaintiff's application.[1] *See id.* at 192. The VA considered the issue on remand and once again denied Plaintiff's application. Plaintiff's challenge is now ripe for this Court's resolution once again. Before the Court are Defendant's [51] Renewed Motion for Summary Judgment and Plaintiff's [49] Second Motion for Cross-Summary Judgment. Upon consideration of the pleadings,[2] the

---

[1] At that time, the Court dismissed Counts II and III of Plaintiff's Complaint, in which Plaintiff claimed, respectively, that the VA violated the Due Process Clause of the Fourteenth Amendment and that the VA was without statutory authority to issue the regulations underlying this case. *See CS-360, LLC*, 846 F. Supp. 2d at 174.

[2] The Court's consideration has focused on the following documents:
- Pl.'s Second Mot. for Summary Judgment ("Pl.'s Summary Judgment Mot."), ECF No. 49;

relevant legal authorities, and the record as a whole, the Court GRANTS Defendant's [51]
Renewed Motion for Summary Judgment and DENIES Plaintiff's [49] Second Motion for Cross-
Summary Judgment. Although the VA's Revised Final Determination is not a model of clarity,
the basis for the VA's decision is now apparent from the VA's written decision. Based on that
decision, the Court cannot conclude that the decision is arbitrary or capricious, unsupported by
substantial evidence or otherwise contrary to law. To the contrary, the Court concludes that there
is an adequate basis in the record to support the decision, and the VA's decision to deny
Plaintiff's application survives this Court's deferential standard of review.

## I. BACKGROUND

The pertinent facts in this case were laid out previously by this Court in great detail in
*CS-360, LLC v. U.S. Department of Veterans Affairs*, 846 F. Supp. 2d at 174-184, and
incorporated as part of this opinion. The Court recites here only the background essential to the
Court's resolution of the currently pending motions. The Court reserves further presentation of
the facts for the issues discussed below.

On June 30, 2010, the Center for Veterans Enterprise denied CS360's application for
inclusion in the VetBiz VIP database in its Initial Determination. *CS-360, LLC*, 846 F. Supp. 2d

---

- Def.'s Renewed Mot. for Summary Judgment ("Def.'s Summary Judgment Mot."), ECF
  No. 51;
- Def.'s Opp'n to Pl.'s Second Mot. for Cross-Summary Judgment ("Def.'s Opp'n"), ECF
  No. 54;
- Pl.'s Cross-Opp'n to Def.'s Cross-Motion for Summary Judgment ("Pl.'s Cross-Opp'n"),
  ECF No. 57;
- Def.'s Reply in Supp. of its Renewed Mot. for Summary Judgment ("Def.'s Reply"),
  ECF No. 58; and
- Pl.'s Reply to Def.'s Opp'n to Pl.'s Second Mot. for Cross-Summary Judgment ("Pl.'s
  Reply"), ECF No. 59.

In an exercise of its discretion, the Court finds that holding oral argument in this action would
not be of assistance in rendering a decision. *See* LCvR 7(f).

at 178. Subsequently, on November 2, 2010, the Center for Veterans Enterprise denied CS360's

Request for Reconsideration in its Final Decision. As a result, Plaintiff commenced this action.

The Court dismissed Plaintiff's Due Process claim (Count II) and Plaintiff's claim that the VA

exceeded its statutory authority in promulgating the regulations underlying in this case (Count

III). *See id.* at 174, 196. With respect to Plaintiff's claim that the VA violated the Administrative

Procedure Act because its denial of CS360's application was arbitrary and capricious (Count I),

the Court explained its conclusion that defects in the VA's decision precluded its review of that

decision:

> Given the ambiguous relationship between the Initial Determination and Final
> Decision, the vague and generalized explanations provided by the CVE on the
> administrative level, and the new explanations proffered by the VA before this
> Court, the Court cannot say with any level of confidence that it knows the precise
> grounds for the VA's decision to deny CS360's application for inclusion in the
> VetBiz VIP database and whether those grounds would hold up under review.

*Id.* 192. The Court remanded the action to the VA for further consideration and explanation

because the VA had "failed to provide a satisfactory contemporaneous explanation for its

decision to deny CS360's application." *Id.* at 184. Subsequently, the Center for Veterans

Enterprise considered additional documents that Plaintiff submitted. VA00705. On September

26, 2012, the Center for Veterans Enterprise issued a new determination ("Revised Final

Determination"), once again denying CS360's application. VA00705. This action was then

stayed pending the resolution of related proceedings before this Court and before the Small

Business Administration. *See CS-360, LLC v. U.S. Small Business Administration*, 20 F. Supp. 3d

104, 106-07 (D.D.C. 2013). The Court lifted the stay on July 17, 2014, and the parties briefed the

cross-motions for summary judgment that are now ripe for resolution.

## II. LEGAL STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." However, "when a party seeks review of agency action under the APA [before a district court], the district judge sits as an appellate tribunal. The 'entire case' on review is a question of law." *Am. Bioscience, Inc. v. Thompson,* 269 F.3d 1077, 1083 (D.C. Cir. 2001). Accordingly, "the standard set forth in Rule 56[ ] does not apply because of the limited role of a court in reviewing the administrative record.... Summary judgment is [ ] the mechanism for deciding whether as a matter of law the agency action is supported by the administrative record and is otherwise consistent with the APA standard of review." *Southeast Conference v. Vilsack,* 684 F. Supp. 2d 135, 142 (D.D.C. 2010).

The APA "sets forth the full extent of judicial authority to review executive agency action for procedural correctness." *FCC v. Fox Television Stations, Inc.,* 556 U.S. 502, 513 (2009). It requires courts to "hold unlawful and set aside agency action, findings, and conclusions" that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "This is a 'narrow' standard of review as courts defer to the agency's expertise." *Ctr. for Food Safety v. Salazar* (*Midwest I*), 898 F. Supp. 2d 130, 138 (D.D.C. 2012) (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43 (1983)). An agency is required to "examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43 (internal quotation omitted). The reviewing court "is not to substitute its judgment for that of the agency." *Id.* Nevertheless, a

4

decision that is not fully explained may be upheld "if the agency's path may reasonably be discerned." *Bowman Transp., Inc. v. Arkansas–Best Freight Sys., Inc.,* 419 U.S. 281, 286 (1974).

### III. DISCUSSION

In its previous decision in this case, the Court concluded that it was not clear on which grounds the agency relied for denying Plaintiff's application. Defendant considered Plaintiff's application on remand and issued a Revised Final Determination denying the application. It is that decision that is now subject to the Court's review.[3] Although the Revised Final Decision is not a model of clarity, the basis for the VA's denial of Plaintiff's application is now apparent from the record, and the Court concludes that the reasoning stated by the agency is sufficient for the Court to uphold the denial. Based on several factors taken together, the agency concluded that non-veterans control or have the power to control CS360 in violation of 38 C.F.R. § 74.4(i). The factors on which the agency based this conclusion include a provision in CS360's operating agreement that allows the Managing Member (a service disabled veteran) to delegate authority to others without retaining control; initial funding of CS360 by non-veterans associated with B&R Construction Services, LLC; a mentor-protégé agreement with B&R Construction Services that suggests that this company provides the resources that allow CS360 to function; and a lack of independent resources that would allow CS360 to operate independently. The Court concludes that the reasons on which the agency relies, taken together, form a sufficient basis for the Court to conclude that there is a "rational connection between the facts found and the choice made," the choice being to deny CS360's application. *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43. Therefore, the Court concludes that summary judgment for the VA is warranted.

---

[3] Insofar as the Agency no longer relies on reasons that it previously claimed support the denial of Plaintiff's application, those reasons are not now before the Court for review.

**A.  Delegation Provision**

Section 4.04 of the Second Amended Operating Agreement for CS360 provides that the

Managing Member may

> [d]esignate employees or the company or other individuals as officers of the
> company as he shall deem necessary or desirable to carry on the business of the
> company and the Managing Member may delegate to such officers such power
> and authority as the Managing Member deems advisable.

VA00708. In its Revised Final Determination, the agency emphasized that this provision does

not contain "the specific caveat that any such delegation be 'subject to the authority of the

Managing Member' as in 4.03."[4] VA00708. Plaintiff argues that the absence of this caveat is a

"distinction without a difference and is totally unreasonable." Pl.'s Summary Judgment Mot. at

15. The Court disagrees. The importance of this caveat is that it would require the Managing

Member to retain authority over any delegation of authority. Without this phrase, the Managing

Member may "deem[]" it "advisable" to delegate authority to someone other than a service-

disabled veteran without subjecting that delegation to his authority. VA00708. The Court

concludes that the presence of other provisions in the Operating Agreement that constrain the

opportunities for control by a non-veteran are insufficient to negate the threat to veteran control

made possible by this clause. The agency's concern with the possibility of the Managing

Member delegating control to non-veterans is particularly acute given CS360's relationship with

B&R Construction and its affiliates, as described below. The Court concludes that the delegation

clause in section 4.04 is a reasonable basis, together with the other factors described below, for

the agency to determine that CS360 did not qualify as a Service Disabled Veteran Owned Small

Business and to deny CS360's VetBiz application.

---

[4] Provision 4.03 of the Second Amended Operating Agreement allows delegations of authority by
the Managing Member "subject to the authority of the Managing Member." VA00707.

**B.  Relationship with B&R Construction Services, LLC**

In its September 26, 2012, Revised Final Determination, the agency explained its

conclusion that non-veterans have control or the power to control CS360 as a result of the

relationship between CS360 and B&R Construction Services, LLC, and its affiliates. Several

reasons support this conclusion by the agency.

First, all of the capital for CS360 was provided by officers and employees of B&R

Construction—with none provided by the service disabled veteran. VA00709. Relatedly, while

the service disabled veteran, Walter Davis, has retained a 51% stake in CS360—the minimum

required in order to qualify as a Service Disabled Veteran Owned Small Business—the minority

owners are all officers and employees of B&R Construction. VA00708. The structure of the

capital contributions that financed the corporation in the first instance, together with the other

aspects of CS360's relationship with B&R Construction, another business in the construction

sector, supports the agency's inference that B&R Construction affiliates could seek to exercise

control over CS360. The Court, in its previous Memorandum Opinion, stated that it was

unconvinced by the agency's "cursory statement" that "'it is unreasonable to conclude that any

rational person, or group of persons, would personally fund a start-up construction concern …

and then relinquish total control over that concern.'" *CS-360*, LLC, 846 F. Supp. 2d at 189

(quoting VA00702). The agency has now put this funding arrangement in the context of its

analysis of the dependence of CS360 on B&R Construction for resources and CS360's

susceptibility to control by its minority owners who are all affiliated with B&R Construction.

The Court, therefore, concludes that this funding arrangement—together with the other factors

discussed here—supports the agency's conclusion that CS360 is susceptible to non-veteran

control.

Second, CS360 only has two full time employees—one additional employee beyond the service disabled veteran who is the Managing Member—which the agency concluded was insufficient staffing to support activities of the business. VA00708. This level of staffing necessarily limits the ability of CS360 to manage projects on its own. Moreover, the agency noted that one interviewee stated that B&R Construction Service would furnish the people necessary to do the work that CS360 obtained. VA00709. These facts support the inference that CS360 is reliant on a non-veteran controlled company for any significant work and, therefore, susceptible to non-veteran control.

Third, the agency relied on the mentor-protégé agreement between CS360 and B&R Construction approved by the Department of Homeland Security in concluding that CS360 was reliant on B&R Construction and effectively acting on its behalf. VA00712-13. The Court agrees with Plaintiff that a mentor-protégé agreement in and of itself does not mean that the protégé (here, the applicant-plaintiff, CS360) is *necessarily* dependent on the mentor in a way that would prevent the protégé from qualifying as a Service Disabled Veteran Owned Small Business. However, the Court agrees with Defendant that, in these circumstances, the nature of the mentor-protégé agreement is yet one more piece of evidence that CS360 is reliant on B&R Construction. In particular, the agency notes that, although the agreement stated that B&R Construction would provide training to CS360 employees, B&R provided "all but two people to be the key personnel and *is the entire operation* of the protégé." VA00711. In other words, the VA found that, rather than training new employees that would be hired by CS360, it actually provided its staff to conduct the business of CS360. *Id.* Furthermore, the VA found it significant that CS360 would reimburse B&R Construction—with the funds that were originally contributed by officers and employees of B&R Construction through their capitalization of CS360—for the office space,

8

supplies, and support personnel that B&R Construction had provided. VA00711-12. The agency

concluded that this particular agreement demonstrated that CS360 was reliant on B&R

Construction in order to operate. That reliance is substantial enough, together with the other

factors discussed here, to support an inference that non-veterans are able to exert control over

CS360.

On remand, before the agency issued its Revised Final Determination, Plaintiff identified

agreements with entities other than B&R Construction to show that CS360 is not dependent on

that single non-veteran controlled corporation. VA00713. Plaintiff's argument is unavailing.

While these agreements suggest that CS360 is not wholly dependent on B&R Construction, they

do not disturb the conclusion that CS360 is substantially dependent on—and indeed intertwined

with—B&R Construction, its employees and its officers, such that CS360 is subject to control by

non-veterans. To the contrary, the agreements that CS360 entered actually support the conclusion

that CS360—on its own—has little capacity to carry out projects. Because of this dependency on

others, CS360 is vulnerable to control by non-veterans, particularly control by B&R

Construction and the minority owners of CS360, who are affiliated with that business.

Based on these several factors, the agency concluded that this is a "classic case of rent-a-

veteran." VA00709. In light of the factors discussed here and on the agency's experience in

managing the Service Disabled Veteran Owned Small Business program, the agency concluded

that the Managing Member contributed his status as a service disabled veteran to CS360 while

B&R Construction and its affiliates have supplied the funding and other resources necessary to

create and maintain CS360, in order to provide B&R Construction and its affiliates access to

contracts limited to Service Disabled Veteran Owned Small Businesses. *See* VA00709. The Court

concludes that, taken together, the factors on which the agency relies—particularly the clause

allowing the Managing Member to delegate authority to a non-veteran and the factors showing CS360's dependency on B&R Construction and its affiliates—are sufficient to support the agency's determination that non-veterans control or have the power to control CS360. Accordingly, the Court concludes that the VA's decision to deny Plaintiff's VetBiz application is not arbitrary or capricious, unsupported by substantial evidence, or otherwise contrary to law. In contrast to the agency's previous decision, the agency's Revised Final Determination—while still not a model of clarity—adequately explains the agency's determination that Plaintiff does not qualify as a Service Disabled Veteran Owned Small Business. Therefore, the Revised Final Determination survives the Court's deferential standard of review.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's [51] Renewed Motion for Summary Judgment and DENIES Plaintiff's [49] Second Motion for Cross-Summary Judgment. The Court GRANTS summary judgment to Defendant on Count I, the only claim remaining in this action. Accordingly, this action is dismissed in its entirety. An appropriate Order accompanies this Memorandum Opinion.

Dated: April 29, 2015

                                              /s/
                                          COLLEEN KOLLAR-KOTELLY
                                          United States District Judge